1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ARTEM REV ALPHA LLC, et al.,              No.  1:20-cv-01475-NONE-SAB

                   Plaintiffs,
12

13         v.                                   SUA SPONTE ORDER REMANDING
                                                ACTION TO STATE COURT
14    ELOY MENDOZA,
                                                (Doc. No. 1)
                   Defendant.
15

16

17         The undersigned revokes any actual or anticipated referral to a magistrate judge for the

18    purposes of findings and recommendations in this case.

19         On October 16, 2020, defendant Eloy Mendoza filed a pro se Notice of Removal with this

20    court, seeking to remove an action from the Superior Court for the County of Stanislaus.  (Doc.

21    No. 1.)  For the following reasons, the court *sua sponte* REMANDS this case to the Stanislaus

22    County Superior Court.

23         Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the

24    district court has original jurisdiction.  *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th

25    Cir. 2009).  If at any time before final judgment it appears that the district court lacks subject

26    matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  Federal courts are courts of

27    limited jurisdiction and can adjudicate only those cases authorized by the United States

28    Constitution and Congress.  Generally, those cases involve diversity of citizenship, a federal

                                                 1

1    question, or where the United States is a party.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S.

2    375 (1994); *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S.*

3    *California*, 463 U.S. 1, 8 (1983); 28 U.S.C. § 1442.  Lack of subject matter jurisdiction is never

4    waived and may be raised by the court *sua sponte*.  Fed. R. Civ. P. 12(h)(3); *Snell v. Cleveland,*

5    *Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

6         In determining the presence or absence of federal question jurisdiction in removal cases,

7    the "well-pleaded complaint rule" applies, "which provides that federal jurisdiction exists only

8    when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

9    *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The removal statute is strictly construed

10   in favor of remand and against removal.  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698

11   (9th Cir. 2005).  Among other things, this means that the defendant always has the burden of

12   establishing that removal is proper.  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838

13   (9th Cir. 2004).  Federal jurisdiction must be rejected if there is any doubt as to the right of

14   removal in the first instance.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

15        Here, defendant is unable to establish federal question jurisdiction because the complaint

16   filed in the state court contains a single cause of action for unlawful detainer based on California

17   Code of Civil Procedure § 1161a.  Unlawful detainer actions are strictly within the province of

18   the state courts.  *See PNC Bank Nat'l Ass'n v. Ahluwalia*, No. C 15-01264 WHA, 2015 WL

19   3866892, at *4 (N.D. Cal. June 22, 2015) (collecting cases).  Therefore, plaintiffs' complaint

20   avoids federal question jurisdiction.  A defendant cannot create federal subject matter jurisdiction

21   by adding claims or defenses to a notice of removal.  *Vaden v. Discover Bank*, 556 U.S. 49, 50

22   (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim");

23   *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-

24   law claim does not confer jurisdiction on a federal court, even if the defense is that of federal

25   preemption and is anticipated in the plaintiff's complaint.").

26        The next possible basis for this court's jurisdiction is diversity.  District courts have

27   diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or

28   value of $75,000, exclusive of interests and costs," and the action is between "(1) citizens of

2

different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of

different States and in which citizens or subjects of a foreign state are additional parties; and (4) a

foreign state . . . as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332; *see*

*also Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1106 (9th Cir. 2010).

Defendant cannot establish diversity of citizenship jurisdiction in this case.  The complaint filed

in the underlying unlawful detainer action unequivocally states that the amount in controversy is

less than $10,000.  When a state court complaint affirmatively alleges that the amount in

controversy is less than the jurisdictional threshold, the party seeking removal must prove with

"legal certainty" that the jurisdictional amount is met.  *Guglielmino v. McKee Foods Corp.*, 506

F.3d 696, 699 (9th Cir. 2007); *see also Glassical Creations, Inc. v. Canter*, No. CV 15-04358

MMM PJWX, 2015 WL 4127912, at *4 & n. 10 (C.D. Cal. July 7, 2015).   Defendant's notice of

removal does not provide any basis for a finding that the amount in controversy exceeds the

$75,000 threshold.  The amount in controversy is determined without regard to any setoff or

counterclaim to which defendant may be entitled.  *Mesa Indus., Inc. v. Eaglebrook Products, Inc*.,

980 F. Supp. 323, 326 (D. Ariz. 1997).  Thus, the amount in controversy is insufficient to provide

this court with diversity jurisdiction.

Moreover, in removal cases where the purported basis of jurisdiction is diversity

jurisdiction, removal is not permitted where a defendant is a citizen of the state in which the

plaintiff originally brought the action (even if the opposing parties are citizens of different states).

*See* 28 U.S.C. § 1441(b).  Here, defendant lists his address as 3025 Tully Road, Modesto,

California, and does not provide the citizenship of defendants or any basis for finding diversity of

citizenship.

Accordingly, the court REMANDS this case to the Stanislaus County Superior Court for

all future proceedings.

IT IS SO ORDERED.

Dated:    **October 20, 2020**

_____

UNITED STATES DISTRICT JUDGE

3